IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JoAnne Sivak, | ) | C/A No.: 4:10-1832-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Town of Atlantic Beach and Officer | ) | |
| Terrance Wiggins, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on Plaintiff's motion for relief from judgment [Entry #61] pursuant to Fed. R. Civ. P. 60(b)(1) and (3). Defendant Town of Atlantic Beach ("Town") filed a response on October 14, 2011. [Entry #62] For the reasons set forth below, Plaintiff's motion is denied.

I.    Factual and Procedural Background

Plaintiff originally filed her complaint on July 14, 2010, pursuant to 42 U.S.C. § 1983 against defendants Terrance Wiggins and Town. [Entry #1]. Plaintiff alleged that Wiggins arrested her and illegally patted her down "for his sexual enjoyment and because Defendant Town's policy allowed it." *Id*. at ¶ 9. Plaintiff alleges that after Wiggins "illegally recovered a white rock which resembled cocaine," she was forcibly taken to the Town's police department. *Id*. at ¶¶ 10–11. Plaintiff asserts causes of action for illegal search, arrest without probable cause, conspiracy, sex discrimination, abuse of process, battery, assault and battery, and race discrimination. A summons was issued as to the Town, which answered on September 23, 2010 [Entry #9], and a scheduling order issued

on November 10, 2010 [Entry #11]. No record exists of Plaintiff having served the complaint on Wiggins. On December 16, 2010, counsel for Plaintiff and the Town consented to jurisdiction by the undersigned United States Magistrate Judge, with the reference effective January 28, 2011. [Entry #16, #19].

On March 7, 2011, the South Carolina Supreme Court definitely suspended Plaintiff's attorney, Gary White, from the practice of law for 90 days for, *inter alia*, violating professional conduct and disciplinary rules by sending to his client church's landlords and to the Town manager a letter that questioned whether the Town manager had a soul, stated that the manager had no brain, and called the leadership of the Town "pagans," "insane," and "pigheaded." *In re White*, 707 S.E.2d 411 (S.C. 2011).

Attorney Ian McVey was appointed as trustee for Plaintiff's files and to protect her interests. [Entry #24]. Mr. McVey filed a motion to stay this case on March 15, 2011. [Entry #26]. The court granted the motion to stay and noted that the stay would be lifted on the earlier of June 14, 2011 or when a Notice of Appearance of new counsel was filed on Plaintiff's behalf. [Entry #27]. On June 17, 2011, the court entered an order directing counsel to file by June 27, 2011, a report indicating the status of the case and whether it was appropriate to lift the stay. [Entry #29]. On June 27, 2011, Mr. McVey filed a letter with the court stating that "[w]hile I have been involved with this matter for some ninety days, the Plaintiff has yet to retrieve her file despite my requests that she do so," and he asked for a further continuance until Mr. White was re-admitted by the South Carolina Bar. [Entry #31]. Plaintiff submitted a handwritten letter to the court filed on June 30,

2

2011, indicating that she had "been having difficulty finding a new lawyer" and that she would be pro se until she found counsel. [Entry #33]. The Clerk's Office docketed the letter as a motion for extension of time. *Id.* On July 18, 2011, the Town filed a response to the motion, noting that it had contacted "Plaintiff's current counsel of record to inquire as to Plaintiff's representations status, but has not received a response. Accordingly, the Town does not object to Plaintiff's Motion for Extension of Time." [Entry #34].

On July 21, 2011, the court issued an order lifting the stay, noting that it appeared that Mr. White had been reinstated to practice law in South Carolina, and directed Plaintiff and her counsel to file a status report by August 18, 2011, addressing whether Plaintiff wished to proceed with her case and whether Mr. White would remain as counsel.[1] [Entry #36]. The order specified that "The status report should be signed by both Mr. White and Plaintiff. In the event that Plaintiff plans to proceed without Mr. White as counsel, she is instructed to direct her new counsel to file a motion for substitution of counsel by August 18, 2011, or inform the court that she plans to proceed on her own without counsel." *Id.* The order was placed in U.S. Mail to Plaintiff at her address of record in Pennsylvania as noted in her motion for extension and served on Mr. White through the court's Electronic Case Filing. [Entry #38].

---

[1] In light of a prior suspension of Mr. White by the South Carolina Supreme Court for having acted without his client's authority, *see In re White*, 663 S.E.2d 21 (S.C. 2008), the undersigned wished to ensure Plaintiff's consent to Mr. White's post-2011 suspension representation.

Notwithstanding the specific instructions set forth in the court's July 21, 2011 order, both Plaintiff and Mr. White failed to comply with the order.  Based on the failure to comply, on August 23, 2011, the court again directed Plaintiff and her counsel to file a response to the order and advised that failure to comply by September 6, 2011 would result in the case being dismissed for failure to prosecute. [Entry #42]. The order was mailed to Plaintiff and served on Mr. White through the court's Electronic Case Filing. [Entry #43].

On August 30, 2011, Plaintiff's counsel filed a document entitled "Status Report." [Entry #49]. The report indicated that Mr. McVey was authorized by the South Carolina Supreme Court to return Mr. White's files to him on August 17, 2011.  The report also noted that no discovery had been conducted in this case due to Mr. White's suspension. Although the report indicated Mr. White "continued to represent Plaintiff," it was not signed by Plaintiff as specifically required by the court's prior two orders.

Therefore, on September 2, 2011, the court ordered Plaintiff and her counsel to fully comply with the court's July 21, 2011 order by September 12, 2011. [Entry #50]. Specifically, Plaintiff and her counsel were instructed to file a status report by September 12, 2011, addressing whether Plaintiff wished to proceed with her case and whether Mr. White was to remain as counsel. *Id.*  The status report was to be signed by both Mr. White and Plaintiff. *Id.*  Additionally, the report was to indicate the last date on which Mr. White had spoken with Plaintiff. *Id.* The court warned that "[f]ailure to fully comply with the court's orders will result in dismissal of this case and no further extensions will be

4

granted absent exceptional circumstances." *Id.*   The order was mailed to Plaintiff and served on Mr. White through the court's Electronic Case Filing. [Entry #52].

Again, notwithstanding the specific instructions set forth in the court's September 2, 2011 order, both Plaintiff and Mr. White failed to comply with the order.  Rather than comply with the specific instructions of the court's orders, Mr. White chose instead to file a Notice of Appearance on September 8, 2011 indicating his contact information. [Entry #55].  Despite clear directions in the orders of July 21, 2011, August 23, 2011, and September 2, 2011, Plaintiff and Mr. White failed to inform the court as to the very basic questions of whether Plaintiff wished to proceed with her case and whether she wished Mr. White to remain as counsel.

On September 13, 2011, in the absence of any other filing by Mr. White or Plaintiff, the court issued an order dismissing the case with prejudice for failure to prosecute.  Shortly after the order was issued via e-mail to the parties, Mr. White filed a Status Report. [Entry #60]. Although the document is purportedly dated September 12, 2011, it was not filed until September 13, 2011, after the order of dismissal had issued. In the Status Report, Mr. White states that he and Plaintiff communicated via e-mail, but does not indicate the last date on which he had spoken to Plaintiff. The document does not allege any reason that communication had been restricted. This document was electronically signed by Mr. White, and contains Plaintiff's signature.

On September 29, 2011, Mr. White filed a Motion for Relief from Judgment on behalf of Plaintiff. [Entry #61]. The motion seeks relief pursuant to Fed. R. Civ. P.

60(b)(1) and (3). The motion alleges, that (1) "signals between [Mr. White] and [Plaintiff] got crossed" due to the flooding and power outages caused by Hurricane Irene; (2) Defendants caused Mr. White's suspension from the practice of law in order to deprive Plaintiff of counsel; and (3) Mr. White's paralegal, who "had taken on a large extent of responsibilities" due to Mr. White's treatment for depression, suffered from debilitating back injuries. *Id*. The motion concludes that Plaintiff's failure to comply was due to extraordinary events, "including hurricanes and conspiracies," and she should be relieved of judgment. [Entry #61 at 3].

II.    Discussion

    A.    Standard of Review

Rule 60(b) of the Federal Rules of Civil Procedure allows a court, on motion and just terms, to relieve a party or its legal representative from a final judgment, order, or proceeding under certain circumstances. The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion. *Central Operating Co. v. Utility Workers*, 491 F.2d 245, 252 (4th Cir. 1974).

Before a party may seek relief under Rule 60(b), she first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). After a party has crossed this initial threshold, she then must satisfy one of the six specific sections of Rule 60(b). 731 F.2d at 207. Specifically, Rule 60(b)(1) allows relief from a final judgment for

6

"mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(3) allows relief from a final judgment in the event of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

B.     Analysis

Plaintiff's motion for relief from judgment was brought pursuant to Fed. R. Civ. P. 60(b)(1) and (3). As an initial matter, Plaintiff has failed to make a showing that: (1) her motion is timely made; (2) she has a meritorious defense; (3) no unfair prejudice to Defendants would result; and (4) exceptional circumstances warrant relief from judgment. *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). Additionally, Plaintiff has failed to show that she is entitled to relief from judgment for reasons specified by the rule.

Plaintiff and her counsel appear to argue that their failure to timely comply with any of the three court orders was because of Hurricane Irene, which Plaintiff alleges flooded her workplace in Philadelphia.[2] Specifically, Plaintiff appears to allege that her personal failure to comply with the court's order was because: (1) she was stressed out after her workplace was flooded; and (2) her internet "was shut off" and "power was in and out." Pl.'s Br. at 2 [Entry #61]. It is unclear from Plaintiff's motion if these two incidents are related. At any rate, Plaintiff has not provided any reason why she failed to respond to the court's order of July 21, 2011 or failed to contact the court directly

---

[2] Although Plaintiff indicated Hurricane Irene hit on August 17–18, 2011, news reports indicate Hurricane Irene hit the northeast United States on August 28, 2011. *See Hurricane Irene Hammers the Northeast*, The Weather Channel (August 28, 2011), http://www.weather.com/weather/hurricanecentral/article/tropical-depression-nine-storm-hurricane-irene_2011-08-20 .

7

anytime between July 21, 2011 and September 13, 2011 to request an extension, as she had previously.

Plaintiff's motion also states that Mr. White's telephone and facsimile lines were out, although there is no evidence indicating that the outage was for reasons beyond his own control, nor is there any indication of the length of such an outage. In addition, Plaintiff's motion indicates Mr. White's paralegal "had taken on a large extent of responsibilities" due to Mr. White's depression, but that the paralegal was hampered by back pain. [Entry #61 at 2–3]. The proffered reasons do not constitute excusable neglect in this instance. Mr. White is not entitled to rely on his paralegal to comply with court orders. Additionally, Mr. White was properly served with all of the orders through the court's Electronic Case Filing. Therefore, he should have been fully aware of each of the court's orders and has not set forth facts or evidence regarding any attempts to comply.

Plaintiff's motion also states "Plaintiff's counsel was goaded into critical remarks against [Town's] practices, which Defendants took advantage of to cause his suspension and thus deprive Plaintiff of representation." [Entry #61 at 2]. To the extent Plaintiff asserts that her attempts to comply were hindered by her counsel's suspension or the result of the Town's actions, such assertions are unsupported by the record. This case was stayed for the duration of Plaintiff's counsel's suspension. Plaintiff filed a motion for extension of time acknowledging that her attorney had been suspended, and sought leave from the court until she could find new counsel, despite the fact that the case had been stayed for the duration of Mr. White's suspension and the fact that Mr. White had already

been reinstated to the practice of law as of June 22, 2011. [Entry #33]. The Town did not object to her motion, and furthermore suggested that the court extend the stay in this case to "give Plaintiff ample time to confirm present counsel or obtain new counsel." [Entry #34]. The court provided Plaintiff with sufficient time to seek new counsel or report to the court that Mr. White would remain as counsel. [Entry #36]. When Plaintiff and Mr. White failed to respond, the court provided an extension sua sponte on August 23, 2011. [Entry #42]. When Plaintiff and her counsel failed to comply with the August 23, 2011 order, the court again extended Plaintiff's deadline sua sponte. [Entry #50]. Again, Plaintiff failed to comply, despite the court's leniency in providing Plaintiff and Mr. White's extensions of time in its order. There is simply no evidence that Plaintiff's failure to respond was the result of Defendants' conspiracy against Plaintiff or her counsel or a result of Plaintiff's suspension.

III.    Conclusion

For the foregoing reasons, Plaintiff's motion for relief from judgment [Entry #61] is denied.

IT IS SO ORDERED.

November 15, 2011                              Shiva V. Hodges
Florence, South Carolina                       United States Magistrate Judge

9